NATIONAL ELEVATOR INDUSTRY WELFARE PLAN, et al., Plaintiffs,

v.

VIOLA INDUSTRIES, INC., et al., Defendants.

Civ. A. No. 84–2286–S.

United States District Court,
D. Kansas.

Oct. 15, 1986.

As Amended Oct. 23, 1986.

John P. Hurley, Linda Kay Knight, Herman M. Shaffer, Jolley, Moran, Walsh, Hager & Gordon, Kansas City, Mo., Joseph P. Boyle, O'Donoghue & O'Donoghue, Philadelphia, Pa., Thomas M. Mullinix, Evans, Mullinix and Jarczyk, Kansas City, Kan., for plaintiffs.

Richard D. Anderson, Jeffrey A. Chanay, Entz, Anderson & Chanay, Topeka, Kan., for defendants.

MEMORANDUM AND ORDER

SAFFELS, District Judge.

This matter is before the court on plaintiffs' motion to compel production of documents in order to complete an audit ordered by this court on April 30, 1986. The court will address each of plaintiffs' requests in order.

First, plaintiffs request the August, 1979 monthly report of hours worked and the June, 1982 through June, 1986 monthly reports of hours worked. Defendants contend that these documents do not exist. Defendants did agree with the plaintiffs that it would compile the information needed for the plaintiffs. The court only questions why such information has not already been compiled to provide to the auditors.

Plaintiffs also request Forms 1099 and 1096 filed during 1979 through 1985. Defendants have responded, stating that these forms for the years 1983 and 1985 were sent to plaintiffs October 9, 1986. The court therefore directs the defendants to produce Forms 1099 and 1096 for the years 1979–1982 and 1984.

Plaintiffs request W–2's and W–3's for unit employees covering the years 1979 through 1983. Defendants have responded, stating that these forms were sent to the auditor on October 9, 1986. Defendants also state that they complied with plaintiffs' next request by sending information contained on the 1983 W–3 form to plaintiffs' auditor. Finally, plaintiffs request bank statements with canceled checks for June and September, 1985. Defendants state that said bank statements were sent to the auditor on October 9, 1986. The court finds that plaintiffs' motions to compel as to those requests which

have been complied with by the defendants are therefore moot.

IT IS BY THE COURT THEREFORE ORDERED that plaintiffs' motion to compel should be granted in part and denied in part. IT IS FURTHER ORDERED that defendants are directed to produce the information for the August, 1979 monthly report and information for monthly reports for the months of June, 1982 through June, 1986. Defendants are further directed to produce Forms 1099 and 1096 for the years 1979–1982 and 1984. IT IS FURTHER ORDERED that defendants should produce said information and forms within fifteen (15) days of the date of this Order. The court further grants to the plaintiffs an extension of time until December 1, 1986, to complete the audit at issue and submit to this court the result of said audit. Defendants shall then have ten (10) days to object to plaintiffs' figures.